Honorable Mark W. Stiles Chairman Budget and Oversight Committee Texas House of Representatives P.O. Box 2910 Austin, Texas 78769
Re: Whether a school district may expend funds to employ crossing guards at intersections which do not abut school district property
Dear Representative Stiles:
You ask whether an independent school district may expend school funds to employ crossing guards to assist students at intersections that do not abut school district premises.
The Education Code describes the expenditures that may be made out of local school funds:
 Local school funds from district taxes, tuition fees of pupils not entitled to free tuition and other local sources may be used for the purposes enumerated for state and county funds and for purchasing appliances and supplies, for the payment of insurance premiums, janitors and other employees, for buying school sites, buying, building and repairing and renting school houses, and for other purposes necessary in the conduct of the public schools to be determined by the board of trustees, the accounts and vouchers for county districts to be approved by the county superintendent; provided, that when the state available school fund in any city or district is sufficient to maintain the schools thereof in any year for at least eight months, and leave a surplus, such surplus may be expended for the purposes mentioned herein.
(Emphasis added).
Educ. Code § 20.48(c). Your question assumes that crossing guards at intersections that abut public school premises are "necessary in the conduct of the public schools." We think you are correct in that assumption, but we perceive no basis for concluding that crossing guards are only necessary at intersections that actually abut school premises. An expenditure of school funds for a cafeteria has been held to be proper because a cafeteria may be necessary for the welfare of students. Bozeman v. Morrow,34 S.W.2d 654, 656-57 (Tex.Civ.App.-El Paso 1931, no writ). We think that crossing guards might be equally necessary for the welfare of students. Of course, determining whether and where crossing guards are necessary is a matter for the discretion of school boards. See Attorney General Opinion H-133 (1973).
It has been suggested that El Paso County Community College District v. City of El Paso, 698 S.W.2d 248, 252 (Tex.App.-Austin 1985, writ granted), may stand for the proposition that a school district may not expend funds for crossing guards. The holding of that case is that an independent school district is not a "political subdivision" within the meaning of a constitutional provision governing tax increment financing. The court supported its holding by pointing out that if a school district were a political subdivision for purposes of tax increment financing, school funds could be spent for a project to be paid for through tax increment financing even though the project had no educational purpose. The court did not consider the question of whether any particular use of funds was for school purposes. The court merely noted that it was undisputed that the tax increment financing plan in question, which called for improvement of city parking facilities and rerouting of city streets, would enhance no educational facility and involved no educational purpose. In other words, the only relevance of the case to your question is that it recited the well-established rule that school funds may be used only for school purposes.
 SUMMARY
School district funds may be used to pay for crossing guards. Determining where crossing guards are necessary is a matter within the discretion of school boards.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Jack Hightower First Assistant Attorney General
 Mary Keller Executive Assistant Attorney General
 Robert Gray Special Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Sarah Woelk Assistant Attorney General